## First National Bank & Trust Co. v. McIntosh

Before Sweet, P. J., DiSalle and Gladden, JJ.

*Frank C. Carroll*, for plaintiff.
*Milton D. Rosenberg*, for defendants.

SWEET, P. J., May 31, 1973.—Here, we have a relatively commonplace judgment note executed by Career School, Inc., William H. McIntosh, President,

and William H. McIntosh and Alma A. McIntosh, husband and wife, individually and jointly as tenants by the entireties. The individual parties' signatures are under seal. Probably because of the difficulty in obtaining execution against an individual, plaintiff First National Bank & Trust Company proceeded by complaint in assumpsit. After some preliminary sparring, the parties ended with an answer and then a motion for summary judgment. Plaintiff claims that the answer is insufficient to create any issue of fact to take this to a jury.

Paragraph 3 of the answer, in material part, says:

"In answer to paragraph 3, it is denied that on or about March 30, 1972, the Defendants entered into a note for repayment of funds borrowed from the plaintiff in the amount of $14,000.00, a copy of which is attached hereto, and on the contrary it is averred that only the defendant, Career Schools, Inc. entered into said note. It is denied that William H. McIntosh and Alma A. McIntosh, his wife, signed individually and on the contrary it is averred that by reason of false, fraudulent, misleading and improper statements and representations the defendants were caused to believe and did rely upon the fact that they were merely signing as President and Secretary of Career Schools, Inc. so that any allegations that the defendants signed individually are false and fraudulent."

It is sufficient answer at this to look at the note and we are rather at a loss to understand paragraph 3.

Act of April 6, 1953, P. L. 3, as amended, 12A PS §3-307, says: "Unless specifically denied in the pleadings each signature on an instrument is admitted." Defendants do not deny that they signed, but simply recite the manner in which they signed is different from the plain appearance of the note. This cannot avail.

Paragraph 5 of the answer says:

"In answer to paragraph 5, it is denied that the note was not paid on September 20, 1972 and notice was sent on October 2, 1972 for a demand for payment, plus interest up to September 20, 1972 in the amount of $598.34, and on the contrary it is averred that the note was not due and payable on September 20, 1972 as alleged and any said notice sent on October 2, 1972 was improper by reason of the previous understanding. It is averred that the note was not due and payable as set forth on September 20, 1972, either in the amount set forth or any other amount by reason of previous arrangements having been made."

Some light is thrown on this by the earlier paragraph 5 which says:

" [A]nd on the contrary it is averred that an extension of time was given on said note so that the same was not due and payable with interest as set forth in said paragraph."

It is apparent thus that the previous arrangements are an extension given. There would, of course, be no consideration for this.

12A PS §3-119 provides: "As between the obligor and his immediate obligee . . . the terms of an instrument may be modified or affected by any other written agreement executed as a part of the same transaction."

We are referred to no writing in the answer, so it is apparent the extension given must be oral. An integrated document such as a promissory note cannot be invalidated by an ambiguous reference to an oral extension for which no consideration was given.

There would be nothing to submit to the jury. Judgment on the pleadings is, therefore, proper and is granted.